**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

MARSHALL G. WELTON,

Plaintiff,

v.

OFFICER SHANI J. ANDERSON, individually, and MICHAEL L. THOMPSON,

Defendants.

Case No. 1:13-cv-1398-TWP-DML

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on Defendant Michael L. Thompson's ("Mr. Thompson") Motion to Dismiss. Specifically, Mr. Thompson moves for dismissal of Plaintiff's supplemental state law claims filed against him, pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted. The dispute in this case surrounds Plaintiff Marshall G. Welton's ("Mr. Welton") suit against Mr. Thompson and Indianapolis Metropolitan Police Officer, Shani Anderson ("Officer Anderson"), alleging that the two of them gave false testimony and made false reports against Mr. Welton which caused Mr. Welton to be criminally prosecuted. For the reasons set forth below, Mr. Thompson's Motion to Dismiss (Dkt. 6), is **DENIED**.

## I. BACKGROUND

For the purposes of a motion to dismiss, the Court must accept the complaint's well-pleaded allegations as true and draw all favorable inferences for the plaintiff. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). Thus, the factual allegations as alleged in Mr. Welton's Complaint are accepted as true for the purposes of this Motion to Dismiss.

Mr. Welton is the manager of Wong Ventures, LLC ("Wong"), an Indianapolis business engaged in buying, selling and renting residential real estate. In the winter of 2009, Mr. Welton and Mr. Thompson entered into an agreement whereby Wong would make repairs to a house located at 3508 N. Ireland Avenue which was owned by Mr. Thompson, thereafter, Mr. Welton would receive ownership of the property under alternative terms and conditions.

On July 14, 2010, Mr. Welton was charged with one count of forgery and two counts of theft, and he was subsequently arrested, incarcerated, and prosecuted. The charges stemmed from false allegations, made by Mr. Thompson and testified to by Officer Anderson, that Mr. Welton had sold the Ireland Avenue house, which he did not own and did so with intent to defraud. Additionally, Mr. Thompson reported that Mr. Welton had repaired the house belonging to Mr. Thompson without an agreement and that Mr. Welton expected the house to be conveyed to him without payment to Mr. Thompson. Mr. Thompson knew these reports to be false and made them willfully, intentionally, and maliciously in order to secure criminal prosecution of Mr. Welton.

On September 2, 2011, all charges against Mr. Welton were dismissed. Two years later, Mr. Welton brought the current action against Officer Anderson and Mr. Thompson for their roles in his wrongful prosecution. Against Officer Anderson, Mr. Welton brings a federal claim under 42 U.S.C. § 1983 for knowingly, intentionally, and maliciously causing false criminal charges to be brought against him by presenting false information in sworn statements and by withholding exculpatory evidence. Against Mr. Thompson, Mr. Welton brings a state law claim for knowingly, willfully, intentionally, and maliciously making false reports to law enforcement authorities. On September 12, 2013, Mr. Thompson filed his Motion to Dismiss.

## II. LEGAL STANDARD

### A. Motions under Federal Rule of Civil Procedure 12(b)(1)

A 12(b)(1) motion "asks the court to dismiss an action over which it allegedly lacks subject matter jurisdiction." *McGreal v. AT & T Corp.*, 892 F. Supp. 2d 996, 1004 (N.D. Ill. 2012) (citing Fed. R. Civ. P. 12(b)(1)). The burden of proof is on the party asserting jurisdiction, *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999), but the court must accept the complaint's well-pleaded allegations as true and draw all favorable inferences for the plaintiff, *Killingsworth*, 507 F.3d at 618; *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Additionally, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* at 554 (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (per curiam)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Motions under Federal Rule of Civil Procedure 12(b)(6)

Similarly, when reviewing a 12(b)(6) motion, the court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575,

580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III. DISCUSSION

### A. The state claim against Mr. Thompson and the federal claim against Officer Anderson derive from a common nucleus of operative fact. Therefore, this Court has supplemental jurisdiction over the claims against Mr. Thompson.

Mr. Thompson argues first that this case should be dismissed because Mr. Welton's claim against him is a state law claim that is not subject to this Court's supplemental jurisdiction under 28 U.S.C. § 1367. Without the support of case law, Mr. Thompson asserts that the claim against him should be dismissed because Mr. Welton has failed to allege that his claim against Mr. Thompson arises from the same case or controversy as the federal claims against Officer Anderson.

Section 1367 provides,

> the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C.A. § 1367(a). This codifies the longstanding principle that "federal courts may exercise supplemental jurisdiction over a state claim if the state and federal claims 'derive from a common nucleus of operative fact.'" *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Mr. Welton's Complaint alleges that Mr. Thompson made reports, which he knew to be false, to Officer Anderson, and that based on those reports, Officer Anderson maliciously and wrongfully caused criminal charges to be brought against Mr. Welton. The Complaint further

alleges that Mr. Thompson made these false reports in order to secure the criminal prosecution of Mr. Welton. Mr. Welton's federal claim against Officer Anderson arises from the wrongful criminal prosecution, and that claim, brought under § 1983, vests this Court with jurisdiction. Mr. Welton's state law claim against Mr. Thompson arises from the false reports that Mr. Thompson made in order to secure the wrongful prosecution. It is clear that the claims against Mr. Thompson arise from "a common nucleus of operative fact" and thus "form part of the same case or controversy."[1] Thus, the motion to dismiss on these grounds should be denied.

**B. Mr. Thompson fails to establish that the claims in this case were compulsory counterclaims in the underlying state court action.**

For his second argument, Mr. Thompson asserts that the Court should dismiss the claims because Ind. R. Trial P. 13(A) required Mr. Welton to bring them as counterclaims in a related Indiana state court action. However, a motion to dismiss is not the appropriate time to raise such an argument as this Court has no knowledge of the nature of the underlying state court action. Even if the Court were to treat this Motion as a motion for summary judgment, Mr. Thompson has presented no evidence regarding the nature of the state court action. He fails to designate any evidence that the claims arose "out of the transaction or occurrence that is the subject-matter of the opposing party's claim" and that Mr. Welton had those claims "at the time of serving the pleading." Ind. R. Trial P. 13(A). Instead, Mr. Thompson merely states that "[t]he subject matter of the state court action is the property located at 3508 N. Ireland Ave, including the allegation that Plaintiff attempted to fraudulently sell that property when he did not own it or have any right to do so," and points to Mr. Welton's statement in his complaint that the state court action is "a related civil case." (Dkt. 6, ¶ 3.) Based on this information alone, it is

[1] Additionally, Mr. Thompson argues that this Court should dismiss the action against him in an exercise of discretion. The Court declines to do so at this early stage.

impossible for the Court to evaluate whether Mr. Welton's claims were compulsory counterclaims in the underlying action.

**C. Mr. Welton's Complaint contains multiple allegations that, if proven, would overcome any applicable qualified immunity.**

Finally, Mr. Thompson argues that he is entitled to qualified privilege against liability for statements made to a police officer. In Indiana, "the law recognizes a limited defense to civil liability premised on erroneous reports of criminal conduct to police." *Williams v. Tharp*, 914 N.E.2d 756, 763 (Ind. 2009). However, this privilege is not absolute. "[A] statement 'may lose its privileged character upon a showing of abuse wherein: (1) the communicator was primarily motivated by ill will in making the statement; (2) there was excessive publication of the defamatory statements; or (3) the statement was made without belief or grounds for belief in its truth.'" *Id*. at 763-64.

First, Mr. Thompson attempts to argue that because his statements to Officer Anderson were true he is not subject to liability. Accepting the allegations of the Complaint, this is not the case. The Complaint contains multiple allegations of reports made by Mr. Welton that were not only false, but that he knew to be false.

Second, Mr. Thompson argues that the Complaint does not support a reasonable inference that he lied to Officer Anderson. Mr. Thompson interprets the Complaint to state that he and Mr. Welton simply disagreed about the terms of their deal. On the contrary, the Complaint alleges that "[i]n order to secure criminal prosecution of Mr. Welton, Defendant Thompson intentionally provided false, material facts to law enforcement authorities." (Dkt. 1 ¶ 42.) The Complaint then lists the myriad instances in which Mr. Thompson made reports that he knew to be false. Mr. Welton has sufficiently alleged that Mr. Thompson's reports were false so as to overcome dismissal on the bases of qualified privilege.

## IV. CONCLUSION

Because this Court has supplemental jurisdiction over the claims against Mr. Thompson and because the Complaint states a claim upon which relief could be granted, Mr. Thompson's Motion to Dismiss (Dkt. 6) is **DENIED**.

**SO ORDERED.**

Date: 04/10/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Hamid R. Kashani
HKashani@KashaniLaw.com

R. Eric Sanders
OFFICE OF CORPORATION COUNSEL
eric.sanders@indy.gov

Michael L. Einterz , Jr.
EINTERZ & EINTERZ
michael@einterzlaw.com